IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

JIMMY RAY DANIELS                                                                                    PLAINTIFF

vs.                                      Civil No. 1:13-cv-01012

CAROLYN W. COLVIN                                                                              DEFENDANT
Commissioner, Social Security Administration

### MEMORANDUM OPINION

Jimmy Ray Daniels ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Act. The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 7.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.     Background:**

Plaintiff protectively filed his disability application on April 4, 2011. (Tr. 13, 151-161). In his application, Plaintiff claims to be disabled due to "[n]eck surgery pinched nerve numbness in eg/right side," a pinched nerve, and numbness in legs and right side. (Tr. 164). Plaintiff alleges an onset date of April 1, 2011. (Tr. 151). This application was denied initially and again upon reconsideration. (Tr. 59-60). Thereafter, on August 19, 2011, Plaintiff requested an administrative

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____." The transcript pages for this case are referenced by the designation "Tr."

1

hearing, and this hearing request was granted. (Tr. 71-92).

Plaintiff's administrative hearing was held on February 8, 2012 in Pine Bluff, Arkansas. (Tr. 24-58). Plaintiff was present at this hearing and was represented by counsel. *Id.* Plaintiff, Medical Expert ("ME") Dr. Howard H. McClure, Jr., and Vocational Expert ("VE") Cynthia Parker testified at this hearing. *Id.* As of the date of this hearing, Plaintiff was fifty (50) years old, which is defined as a "person closely approaching advanced age" under 20 C.F.R. § 404.1563(d) (2008) (DIB). (Tr. 27). As for his level of education, Plaintiff testified he had graduated from high school. (Tr. 28).

On March 9, 2012, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB. (Tr. 10-19). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2015. (Tr. 15, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since April 1, 2011, his alleged onset date. (Tr. 15, Finding 2). The ALJ determined Plaintiff had the following severe impairments: non-insulin diabetes, hypertension, status post cervical fusion in 2008, and chronic low back pain. (Tr. 15, Finding 3). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 15-16, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 16-18, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) in that he can lift and/or carry 20 pounds occasionally and 10 pounds frequently. He can sit, stand and/or walk 6 hours in an 8 hour workday. The claimant is not limited in pushing or pulling (including the operation of foot and/or hand controls) with the

upper and lower extremities. He has no postural, manipulative, visual, communicative, and environment limitations.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and determined Plaintiff was unable to perform any of his PRW. (Tr. 18, Finding 6). The ALJ then determined whether a hypothetical individual with Plaintiff's limitations retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 18-19, Finding 10). The VE testified at the administrative hearing regarding this issue. *Id.*

Based upon this testimony, the ALJ determined Plaintiff retained the capacity to perform representative occupations such as a laundry press operator with 200,000 such jobs in the United States and 900 such jobs in Arkansas; bottling line attendant with 185,000 such jobs in the United States and 450 such jobs in Arkansas; and small product assembler with 205,000 such jobs in the United States and 800 such jobs in Arkansas. (Tr. 19). Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability as defined in the Act from his alleged onset date of April 1, 2011 through the date of his decision or through March 9, 2012. (Tr. 19, Finding 11).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 7). On January 28, 2013, the Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On February 13, 2013, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on February 25, 2013. ECF No. 7. Both Parties have filed appeal briefs. ECF Nos. 10, 12. This case is now ready for decision.

**2.** **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's

findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that

significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.    Discussion:**

In his appeal brief, Plaintiff claims the ALJ's decision is not supported by substantial evidence in the record. ECF No. 10. Specifically, Plaintiff claims the following: (1) the ALJ erred by improperly discounting his subjective complaints; and (2) the ALJ erred by not considering the opinions of his treating physicians. *Id.* Because the ALJ improperly evaluated Plaintiff's subjective complaints, the Court will only address his first argument for reversal.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain;

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

(3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions.  *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain.  *See id.*  The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints.  *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).  As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference.  *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).  The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors.  *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998).  The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity.  *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not comply with the requirements of *Polaski*.  (Tr. 16-18).  Indeed, the ALJ specifically disregarded *Polaski* by discounting Plaintiff's subjective complaints because they were not supported by his medical records.  (Tr. 17-18).  To justify his decision, the ALJ only provided the following canned language:

> After careful consideration of the evidence, I find that the claimant's medically

determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment.

(Tr. 17-18).

The ALJ's focus upon Plaintiff's medical records alone was entirely inappropriate and improper under *Polaski*. The *Polaski* factors should be considered so that the ALJ does not discount the claimant's subjective complaints based upon the medical records alone. *See Polaski,* 739 F.2d at 1322 (holding "[t]he adjudicator may not disregard a claimant's subjective complaints solely because the objective medical evidence does not fully support them"). Accordingly, this case must be reversed and remanded for further consideration of Plaintiff's subjective complaints in accordance with *Polaski*.

**4.     Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded.[3] A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 2nd day of December 2013.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[3] This remand is ordered solely for the purpose of permitting the ALJ the opportunity to comply with the requirements of *Polaski*. No part of this remand should be interpreted as an instruction that disability benefits be awarded. Upon remand, the ALJ should further evaluate the evidence and make a disability determination, subject to this Court's later review.